UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID M. DOUGLAS,

               Plaintiff,

v.                                       Case No. 1:10-cv-14-HJW

JOHN SWING, et al.,

               Defendants

### ORDER

This matter is before the Court upon the plaintiff's "Motion for Leave to File Appeal" (doc. no. 38), which defendants oppose (doc. nos. 39, 41). The Court held a hearing on September 27, 2011, at which counsel presented oral arguments. Having carefully considered the record, including the parties' briefs and the oral arguments of counsel, the Court will deny the motion for the following reasons:

On August 10, 2011, this Court granted summary judgment in favor of the defendants in this case (doc. no. 35). The Clerk's Judgment was entered the same day (doc. no. 36). Plaintiff had thirty (30) days up to and including September 9, 2011 to file a notice of appeal. Fed.R.App.P. 4(a)(1)(A) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered"). Plaintiff did not file his notice of appeal until September 12, 2011 (doc. no. 37). On that date, plaintiff filed the present motion requesting an extension of time to file his notice of appeal (doc. no. 38).

Rule 4(a)(5) of the Federal Appellate Rules of Civil Procedure authorizes a district court to grant leave to a party to file a late notice of appeal if the motion

requesting the extension of time is filed no later than thirty (30) days after the expiration of the original appeal time and the party show excusable neglect or good cause. Fed. R.App. P. 4(a)(5). Plaintiff's motion was filed several days past the 30 day period. "Good cause to extend the time for filing notice of appeal is applicable only to cases where the motion to extend is filed before the 30-day time for filing the appeal has expired." <u>Marsh v. Richardson</u>, 873F.2d 129, 130 (6th Cir. 1989).

Excusable neglect applies in situations in which there is fault - usually occasioned by something within the control of the movant, whereas good cause applies in situations where there is no fault, excusable or otherwise, usually occasioned by something outside the control of the movant. <u>Nicholson v. City of Warren</u>, 467 F.3d 525, 526 (6th Cir. 2006). It is well settled that leave to file an untimely notice of appeal is "granted only in unique or extraordinary circumstances, and that the excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." <u>Marsh</u>, 873F.2d at 130.

Plaintiff's motion merely indicates that "[t]hrough inadvertence, the undersigned counsel did not docket this matter for appeal." Inadvertence by itself does not constitute excusable neglect. <u>Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 392, (1993)(holding that a party's ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect). "The proper focus is upon whether the neglect of respondents and their counsel was excusable." <u>Id</u>. at 381 (weighing various factors, including the reason for the delay, the length of delay, impact on the judicial system, the good faith of the

movant, and prejudice to the opposing party).

At the hearing, counsel acknowledged that he had miscalculated the last day for filing the notice of appeal. However, an attorney's miscalculation of the last possible day to file a notice of appeal ordinarily does not amount to excusable neglect under Rule 4(a)(5). Barnes v. Cavazos, 966 F.2d 1056, 1061 (6th Cir. 1992)(observing that "[c]alculating time deadlines in the context of the demands of trial practice is routine and ordinary" and finding that counsel had not demonstrated excusable neglect). Although the delay here is only a few days, plaintiff has not shown "excusable neglect" on such basis. Generally, the "taking of an appeal within the prescribed time limits is mandatory and jurisdictional." Budinich v. Becton Dickinson and Co., 486 U.S. 196, 203 (1988).

Plaintiff's counsel further explained that plaintiff had delayed in retaining him until the appeal time had nearly run and had given him post-dated checks in payment. Counsel then clarified that he did not even receive the plaintiffs' post-dated checks until after the appeal time had expired. In other words, plaintiff knew the appeal time was nearing expiration but delayed informing his counsel that he wished to appeal. This does not weigh in favor of allowing the requested extension. See Pioneer, 507 U.S. at 395 (discussing excusable neglect in the context of a late filing of proof of claim in a bankruptcy case, noting the movant's lack of culpability, and explaining that "it is significant that the notice of the bar date in this case was outside the ordinary course in bankruptcy cases. Normally, such a notice would be prominently announced and accompanied by an explanation of its significance, not

inconspicuously placed in a notice regarding a creditors' meeting."). In the present case, the reasons presented to the Court do not reflect any unique or extraordinary circumstances and do not demonstrate that the neglect of plaintiff and his counsel was excusable. <u>Pioneer</u>, 507 U.S. at 381. Therefore, the Court will overrule the motion for extension of time to appeal.

Accordingly, the plaintiff's "Motion for Leave to File Appeal" (doc. no. 38) is DENIED.

IT IS SO ORDERED.

                                                      s/Herman J. Weber
                                      Herman J. Weber, Senior Judge
                                      United States District Court